UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ANTONIO RAMON JETT,

    Plaintiff,

    v.       CAUSE NO. 1:22-CV-344-HAB-SLC

STOCKAMP,

    Defendant.

OPINION AND ORDER

Antonio Ramon Jett, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Jett is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Jett is a pretrial detainee at the Allen County Jail. According to the complaint and attachments, he was placed on suicide watch on August 19, 2022, and was

taken to a new cell by Officer Stockamp (first name unknown). He claims the cell was filthy with trash "strewn" around and human feces "smeared throughout the cell." He claims he asked Officer Stockamp for some supplies to clean the cell and the officer allegedly responded, "Give me a few minutes and I will be right back." He claims the officer never came back, however, nor did he take other steps to have the cell cleaned. It can be discerned that Mr. Jett remained in the dirty cell for several days until he came off of suicide watch. Based on these events, he sues Officer Stockamp for money damages.

Because Mr. Jett is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). The Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citation omitted). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Here, Mr. Jett alleges that Officer Stockamp was aware he was being housed in a cell containing trash and human feces but did nothing to remedy the situation; as a

2

result, he lived in these conditions for several days. This states a plausible Fourteenth Amendment claim. *See Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (detainees are entitled to "reasonably adequate" sanitation and their allegation that they were forced to live "surrounded by their own and others' excrement" for several days stated Fourteenth Amendment claim).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Stockamp (first name unknown) on a claim for damages in his personal capacity for violating his Fourteenth Amendment rights by housing him in a cell containing human feces and trash for several days in August 2022;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Stockamp (first name unknown) at the Allen County Jail and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Allen County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(5) ORDERS Officer Stockamp to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 2, 2022.

                                                                                 s/Holly A. Brady  
                                                                                 JUDGE HOLLY A. BRADY  
                                                                                 UNITED STATES DISTRICT COURT