UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTONIO RAMON JETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-344-HAB-SLC |
| STOCKAMP, et al., | |
| Defendants. | |

OPINION AND ORDER

Antonio Ramon Jett, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 9.) As required by 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Jett is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Jett is a pretrial detainee at the Allen County Jail. He was previously granted leave to proceed against Officer Stockamp (first name unknown) for housing him in a cell containing trash and human feces for several days in August 2022. (ECF 5.) Before

Officer Stockamp could answer the complaint, Mr. Jett filed this amended complaint, which supersedes all earlier pleadings and controls the case from this point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009).

Unlike the original complaint, the amended complaint is very sparse and does not contain any details about the why he is suing Officer Stockamp. Instead, the narrative section consists of one sentence: "I would like to [illegible] to suing Allen County City of Fort Wayne IN 46802 I'm currently in Allen County Jail." (ECF 9 at 2.) It appears that he intended to supplement his earlier-filed complaint by adding a claim against Allen County. However, he cannot amend his complaint in a piecemeal fashion. The Local Rules of this District require that an amended pleading "reproduce the entire pleading as amended" rather than simply incorporating a prior pleading by reference. N.D. IND. L.R. 15-1. Even though he is proceeding without counsel, he is expected to comply with applicable procedural rules. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]"). Nevertheless, because he is entitled to amend once as a matter of right, the court will proceed to screen the amended complaint as drafted. *See* FED. R. CIV. P. 15(a)(1).

As a pretrial detainee, Mr. Jett's rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). The Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully,

2

knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citation omitted). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Mr. Jett does not include sufficient factual allegations to plausibly allege that Officer Stockamp violated his Fourteenth Amendment rights. As stated, the narrative section does not include any details about why he is suing Officer Stockamp. In the section where he is asked to designate what relief he is seeking, he states in passing that he is suing Officer Stockamp for "not letting me clean the cell I was in while on suicide watch." (ECF 9 at 3.) This bare allegation does not provide a basis to infer that Officer Stockamp acted in an objectively unreasonable fashion in connection with serious conditions of confinement. *See Miranda*, 900 F.3d at 353–54. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Likewise, there is insufficient factual content to plausibly infer a viable claim against Allen County. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and the County cannot be held liable for damages solely because it employs

Officer Stockamp or because the jail where Mr. Jett is incarcerated is located there. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Nor can the court plausibly infer a viable claim against the County under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), as Mr. Jett does not allege the existence of an unlawful official policy or custom that caused him injury. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

Therefore, the complaint does not state a claim upon which relief can be granted. Even though he has already amended his complaint once, in the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim against these defendants, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013). He is reminded that his amended complaint must be a complete document that contains enough factual content to plausibly assert a claim against each named defendant.

For these reasons, the court:

(1) GRANTS the plaintiff until **February 10, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on January 9, 2023.

                                                       s/ Holly A. Brady  
                                                       JUDGE HOLLY A. BRADY  
                                                       UNITED STATES DISTRICT COURT